UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:21-cv-01587 |
| v. | (SAPORITO, M.J.) |
| JOHN DOE subscriber assigned IP address 73.175.74.146, | |
| Defendant. | |

## MEMORANDUM

This is a copyright infringement action, brought by the plaintiff, Strike 3 Holdings, LLC ("Strike 3"), against a single fictious defendant, "John Doe subscriber assigned IP address 73.175.74.146." The complaint was filed on September 14, 2021. (Doc. 1.) On October 8, 2021, the court granted a motion by the plaintiff for leave to serve an early Rule 45 subpoena on the defendant's internet service provider ("ISP"), seeking the actual name and address of the unknown defendant prior to a Rule 26(f) status conference. (Doc. 7.) The defendant entered his appearance through counsel and moved to quash the subpoena or, in the alternative, for a protective order permitting him to proceed anonymously in this action. (Doc. 9.) That motion is fully briefed and ripe for decision. (Doc.

10; Doc. 15; Doc. 16.)

The plaintiff, Strike 3, owns the copyright to certain pornographic motion pictures, which are distributed through various subscription-based adult websites and on DVD. The defendant has allegedly used a file-sharing protocol known as BitTorrent to copy and redistribute elements of various copyrighted works owned by the plaintiff. *See generally First Time Videos, LLC v. Does 1-76*, 276 F.R.D. 254, 255 (N.D. Ill. 2011) (providing overview of BitTorrent technology).

Prior to filing suit, Strike 3 was only able to identify the defendant by his or her internet protocol ("IP") address, which is assigned by the defendant's ISP. Ordinarily, discovery is not permitted prior to a Rule 26(f) conference of the parties, absent a stipulation by the parties or a court order. Here, Strike 3 moved for leave to conduct early discovery, limited to a subpoena directed to the defendant's ISP to determine the name and physical location of the defendant based on that IP address, so it could effectuate service of the complaint and prosecute this civil action. The court granted that motion, with some modifications, and prior to disclosure of the subpoenaed information by the ISP, the defendant entered his or her appearance through counsel and moved to quash the

subpoena.

The defendant contends that the subpoena, directed to his or her nonparty ISP, should be quashed because it subjects the defendant to an undue burden. *See generally* Fed. R. Civ. P. 45(d)(3). But

> [a] defendant only has standing to quash a subpoena that is not directed to him if he has some personal right or privilege with respect to the subject matter sought in the subpoena directed to a nonparty. Even if a defendant has standing generally to quash a subpoena, he still lacks standing to challenge a third-party subpoena based on undue burden because it is the third-party that faces the burden of production and not the defendant.

*Green v. Cosby*, 314 F.R.D. 164, 173 (E.D. Pa. 2016) (citation and internal quotation marks omitted). This defendant has not asserted that the subpoena—seeking only his or her identity, and nothing more—requires the ISP to disclose any privileged or otherwise protected information. The defendant argues only that it subjects him or her to an undue burden. The defendant simply lacks standing to quash the subpoena on that ground.[1]

---

[1] The defendant attempts to articulate the burdens that this subpoena will impose on him or her, but these emotional and financial burdens are associated with defending the litigation itself, not compliance with the subpoena.

The defendant also suggests the possibility that a "nefarious perpetrator" could have "easily" masked his or her own IP address to make it appear to be the one assigned to the defendant by his ISP. He or she does not articulate any facts or proffer any evidence to suggest that this was feasible or actually occurred. The defendant references an online article describing various ways to "mask" or hide one's own IP address to preserve anonymity, but there is nothing in the article or the defendant's motion papers to indicate the reliability of this information, and the article itself does not support the defendant's suggestion that a "nefarious perpetrator" could have feasibly—much less "easily"—made it appear that the allegedly infringing activity was conducted from the defendant's *specific* IP address rather than one hosted by a VPN, web proxy, or Tor relay service.

The defendant further notes that, although the complaint identifies twenty-five separate acts of infringement—unauthorized downloading or uploading of copyrighted material owned by the plaintiff—originating from the same IP address and occurring over a fourteen-month period, the subpoena requests disclosure of his or her identity based only on the most recent act. The defendant contends that, at the time of that

particular data transaction allegedly originating from his or her IP address, he or she was away from home, and thus it was impossible for him or her to have committed that particular allegedly infringing act. The plaintiff has responded that the BitTorrent technology allegedly used in this situation does not require the user to be present at the controls, as it were, but may continuously and automatically upload or download copyrighted materials on an unattended device.

But all this is beside the point at this preliminary stage of this litigation. Based on the information available to it, the plaintiff has reasonably identified its defendant as an ISP subscriber assigned to a particular IP address, and "only the ISP can match the IP address to the subscriber's identity." *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 299 (4th Cir. 2018). "The subpoena at issue seeks only the name and address of the defendant to whom the IP address was assigned. This information is certainly within the scope of discovery under the Federal Rules of Civil Procedure." *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019); *see also Blakeslee v. Clinton Cty.*, 336 Fed. App'x 248, 250 (3d Cir. 2009) (discovery for the purpose of identifying Doe defendants is permissible). "The mere fact that discovery

*may* demonstrate that the subscriber is not the proper defendant is no basis to close the courthouse doors before Strike 3 can step inside." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1212 (D.C. Cir. 2020); *see also First Time Videos*, 276 F.R.D. at 256 ("It is well-settled that such general denials of liability cannot serve as a basis for quashing a subpoena."); *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011) ("[O]bjections such as these are essentially irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the propriety *vel non* of the subpoena[].").[2]

Accordingly, the motion to quash will be denied. The ISP will be directed to disclose the requested identifying information to the plaintiff within fourteen days after entry of the accompanying order.

---

[2] We also note that, throughout his or her motion papers, the defendant has suggested repeatedly that the plaintiff's representations with respect to the reliability of its identification of the allegedly infringing IP address may be in violation of Rule 11(b) of the Federal Rules of Civil Procedure. To the extent the plaintiff's representations may be sanctionable under Rule 11, the rule provides its own, separate remedial procedure. *See generally* Fed. R. Civ. P. 11(b), (c). Moreover, Rule 11 explicitly commands that "[a] motion for sanctions must be made *separately* from any other motion." Fed. R. Civ. P. 11(c)(2) (emphasis added). Thus, we have disregarded these generally unsupported references to sanctionable conduct in ruling on the instant motion to quash. If appropriate, we may consider them anew in a properly supported and properly served Rule 11 motion for sanctions.

With respect to the defendant's alternative request for leave to proceed anonymously in this case, we find this issue to be premature and inadequately briefed. We will grant the defendant *temporary* leave to proceed anonymously. The plaintiff will be directed to file its amended complaint, naming the actual defendant, within thirty days after entry of this order. The unredacted amended complaint shall be filed *under seal*. The plaintiff shall contemporaneously file a public copy with the defendant's actual name and address redacted. The defendant shall file a motion to proceed anonymously together with his or her Rule 12 response to the amended complaint. *See generally Doe 1 v. Shawnee Holding, Inc.*, Civil Action No. 3:21-cv-01037, 2022 WL 801503, at *1–*3 (M.D. Pa. Mar. 15, 2022) (discussing standards for leave to proceed anonymously). If a motion to proceed anonymously is not timely filed together with the defendant's Rule 12 response to the amended complaint, the amended complaint will be unsealed.

An appropriate order follows.

Dated: June 10, 2022               *s/Joseph F. Saporito, Jr.*
                                   JOSEPH F. SAPORITO, JR.
                                   United States Magistrate Judge